UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:22-cv-60843-COOKE/HUNT

ROBERT CONREY, on behalf of himself
and all others similarly situated,

    Plaintiff(s),

v.

BEACH BOYS OF FT. LAUDERDALE, LLC,
and KRIKOR KEVORKIAN, individually,

    Defendant.

_____/

## AMENDED COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT CONREY ("Plaintiff") on behalf of himself and all others similarly situated, and pursuant to Fed. R. Civ. P. 15, files this Amended Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, BEACH BOYS OF FT. LAUDERDALE, LLC (hereinafter "Beach Boys" or "411 South Bar and Grill"), and KRIKOR KEVORKIAN ("Kevorkian"), individually, ("411 South Bar and Grill" and "Kevorkian" collectively referred to hereinafter as "Defendants") for wage violations committed against all Restaurant Servers and Bartenders (hereinafter "the Collective") as specified herein, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), as follows:

### INTRODUCTION

Defendants are no strangers to FLSA litigation in South Florida, and yet, refuse to change their unlawful wage policies and practices concerning treatment of their waitstaff. This FLSA collective action is brought on behalf of Restaurant Servers and Bartenders who work or have worked at 411 South Bar & Grill in Fort Lauderdale, Florida, within the past 3 years.

Defendants unlawfully deprived Plaintiff, and all others similarly situated, of wages during the course of their employment.  This action has been filed to cure and correct certain wage and tip and overtime violations committed at 411 South Bar & Grill, on behalf of all Restaurant Servers and Bartenders who worked for Defendants within the last three (3) years. Defendants have violated the tip provisions under federal law by retaining 35% of tips earned by Servers and Bartenders each shift they work, notwithstanding the March 23, 2018, amendment to the FLSA. The 2018 amendment to the FLSA expressly prohibits an employer from retaining *any* portion of tips earned by an employee *regardless* of whether the employer takes a tip credit under the FLSA. Defendants have violated the overtime provisions of the FLSA by failing to compensate Plaintiff and other similarly situated individuals one-and-one-half times their applicable hourly rate when working in excess of 40 hours in one workweek. As a result, Plaintiff, and similarly situated Restaurant Servers and Bartenders have suffered FLSA wage violations in one or more workweeks during their employment. These company-wide policies have continued to occur through the date of the filing of this lawsuit.  Plaintiff and similarly situated Servers and Bartenders are therefore entitled to recover the tips unlawfully retained by Defendants and any tip credit taken by Defendants during the relevant time period as well as any and all overtime wages due and owing to Plaintiff and similarly situated individuals. When Plaintiff voiced his concern regarding these wage violations to management the Defendants immediately terminated Plaintiff's employment in retaliation for invoking his federal rights under the FLSA.

## PARTIES

1.  During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

2. Plaintiff and members of the collectives are/were Servers and/or Bartenders who worked for Defendant within the last three (3) years in Fort Lauderdale, Florida.

3. Plaintiff worked as a Restaurant Server for Defendants for a period of approximately four (4) months from approximately February 2021 through June 2021.

4. Plaintiff worked as a Bartender for Defendants from approximately June 2021 until just days before the filing of this lawsuit when Plaintiff spoke with management about the unlawful pay policies and was terminated as a result of submitting these complaints.

5. The proposed members of the collectives worked for Defendants in the same/identical capacity as Plaintiff in that they were Servers or Bartenders for Defendants during the relevant time period and shared the same duties and responsibilities and were subject to the same pay policies.

6. Plaintiff and the proposed members of the Tip Collective were subjected to similar violations of federal law in that they were required to surrender portions of their tips to Defendants. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following collective:

> **Tip Collective:** **All Servers and Bartenders who worked for Defendants in Fort Lauderdale, Florida, during the three (3) years preceding this lawsuit who were required to surrender any portion of their tips to Defendants.**

7. Plaintiff and the proposed members of the Overtime Collective were also subjected to similar violations of federal law in that Defendants failed to compensate them the appropriate overtime payments when they worked in excess of forty (40) hours per week. Plaintiff seeks certification 29 U.S.C. 216(b) of the following overtime collective:

|  |  |
|---|---|
| **<u>Overtime Collective</u>:** | **All Servers and Bartenders who worked for Defendants in Fort Lauderdale, Florida, during the three (3) years preceding this lawsuit who worked in excess of forty (40) hours per week and were not paid appropriate overtime wages.** |

8. The precise size and identity of the class above should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant, Beach Boys; however, Plaintiff estimates that the total number of members of the collective could exceed 50 Servers and/or Bartenders.

9. During all times material hereto, Defendant, Beach Boys, was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

10. During all times material hereto, Defendant, Kevorkian, was an owner, managing member, and/or corporate officer of Defendant, Beach Boys, and resided in Broward County, Florida.

11. On information and belief, Defendants, Beach Boys, and Kevorkian, control and direct the operations of 411 South Bar and Grill located at 411 S. Fort Lauderdale Beach Blvd. in Fort Lauderdale, Florida.

12. Defendants, Beach Boys, and Kevorkian have used several d/b/a monikers in recent years including "Ocean Blue," "Beach Bunnies," "Soft Twist," "Ft. Lauderdale Island," "Tidal Wave," and "411 South Bar and Grill."

13. According to its website, 411 South Bar and Grill provides its patrons "delicious food and great service." *See* www.411southbarandgrill.com (last visited April 27, 2022).

14. A true and accurate photo of the outside of 411 South Bar and Grill is below:



15. Defendants were Plaintiff's employer during all times pertinent to the allegations herein.

16. During all times material hereto, Defendants were vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant during the relevant time period.

## JURISDICTION AND VENUE

17. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

18. A substantial amount of the acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

19. Defendants regularly transact business in Broward County, Florida, and jurisdiction is therefore proper.

20. Venue is also proper within Broward County, Florida.

**FLSA COVERAGE**

21. Defendant, Beach Boys, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant, Beach Boys, had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. Defendant, Beach Boy's employees handled goods such as napkins, polish, silverware, appliances, fish, lobster, salad, glassware, flatware, food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

23. At all material times (during the last three years), Defendant, Beach Boys, had an annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

**GENERAL ALLEGATIONS**

24. Defendant, Beach Boys, operates 411 South Bar and Grill which offers a beachside dining experience to patrons on Fort Lauderdale Beach.

25. 411 South Bar and Grill employs Servers and Bartenders who provide quality customer service to dining patrons in the restaurant.

26. Servers and Bartenders employed by Defendants share substantially the same and/or similar duties and responsibilities in that they provide customer service to customers dining in the front-of-house section of the restaurant.

27. Defendants hired Plaintiff to work as a Server in approximately February 2021.

28. Plaintiff worked for Defendants as a Server from February 2021 through June 2021.

29. In June 2021 Plaintiff began working for Defendants as a Bartender and remained employed as a Bartender through the end of April 2022.

30. Plaintiff and other Servers and Bartenders employed at 411 South Bar and Grill are non-exempt hourly employees under the Fair Labor Standards Act ("FLSA").

### DEFENDANT REQUIRES SERVERS AND BARTENDERS TO SURRENDER PORTIONS OF THEIR TIPS TO DEFENDANT EACH SHIFT

31. During the relevant time period Plaintiff and other Servers and Bartenders were required to surrender 35% of the tips they earned each shift to Defendants.

32. Defendants fully retained these tips taken from the Servers and Bartenders.

33. Defendants regularly enforces this policy against Servers and Bartenders alike.

34. Defendants violated the Section 216(b) of the FLSA by retaining a portion of the tips earned by Plaintiff and members of the collective.

35. As a result, Plaintiff and the class members are entitled to recover all tips improperly pilfered by Defendants during the relevant time period.

36. Plaintiff and members of the collective are entitled to recover the full amount of tips unlawfully retained by Defendants, plus an additional equal amount as liquidated damages, and all reasonable attorney's fees and costs incurred in the prosecution of these claims.

37. The additional persons who may become Plaintiffs in this action are Servers and/or Bartenders similarly situated to Plaintiff who suffered from the same pay practices of surrendering any portion of their hard-earned tips to Defendants during the past 3 years.

38. Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendants.

39. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## CLASS ALLEGATIONS

40. Members of the Tip Collective are treated equally and similarly by Defendants, in that after March 23, 2018, and through the date of filing of this complaint, they were required to surrender a portion of their hard-earned tips to Defendants each shift.

41. Defendants employed dozens of Servers and Bartenders at 411 South Bar and Grill who were required to surrender a portion of their tips to Defendants within the past three (3) years.

42. Plaintiff and the members of the Tip Collective were subject to the same policies.

43. Plaintiff and the members of the Tip Collective at 411 South Bar and Grill performed the same job duties, as Servers and Bartenders, and were treated in an identical manner by Defendants, in that they all had to surrender a portion of their tips to Defendants.

44. Plaintiff and members of the Tip Collective were not paid in accordance with the FLSA.

45. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the members of the Tip Collective in accordance with the law.

46. Members of the Overtime Collective are treated equally and similarly by Defendants, in that during the 3 years prior to the filing of this lawsuit, and through the date of filing of this complaint, they were required to work in excess of forty (40) hours per week for Defendants without receiving the appropriate overtime payments.

47. Defendants employed dozens of Servers and Bartenders at 411 South Bar and Grill who were required to work in excess of 40 hours in one or more workweeks for Defendants within the past three (3) years.

48. Plaintiff and the members of the Overtime Collective were subject to the same policies.

49. Plaintiff and the members of the Overtime Collective at 411 South Bar and Grill performed the same job duties, as Servers and Bartenders, and were treated in an identical manner by Defendants, in that they were required or permitted to work in excess of 40 hours in a workweek without being compensated the applicable federal overtime wages for those hours.

50. Plaintiff and members of the Overtime Collective were not paid in accordance with the FLSA.

51. Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the members of the Overtime Collective in accordance with the law.

52. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FLSA TIP VIOLATIONS – 29 U.S.C. § 203(m) and 29 U.S.C. 216(b)**
**Defendant's Unlawful Retention of Tips Earned by Servers and Bartenders**

53. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

54. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

55. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[1]

56. During the relevant time period, Defendants enforced a restaurant-wide policy that required Plaintiff and similarly situated Servers and Bartenders to surrender a portion of the tips they earned each shift to Defendants for Defendants' benefit.

57. This policy that was enforced by Defendants became unlawful effective March 23, 2018. Defendants nevertheless have continued to enforce this policy, and on information and belief, still enforces this unlawful policy to this day.

58. Plaintiff and similarly situated Restaurant Servers are entitled to recover the tips that they were required to surrender to Defendants from March 23, 2018, through the present, plus an equal amount of liquidated damages, and all reasonable attorney's fees and costs incurred in the prosecution of these claims.

---

[1] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ROBERT CONREY, respectfully requests that this Honorable Court enter judgment in is favor and against Defendants, BEACH BOYS OF FT. LAUDERDALE, LLC, and KRIKOR KEVORKIAN, individually, and award Plaintiff: (a) recovery of all unlawfully retained tips to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. 207**

59. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 above, as though fully set forth herein.

60. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

61. Defendants refused to pay Plaintiff one-and-one-half times the applicable regular rate when Plaintiff worked in excess of forty (40) hours in one or more workweeks of his employment.

62. Defendants failed to properly calculate Plaintiff's overtime wage rate when he worked in excess of forty (40) hours in a workweek.

63. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

64. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

65. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ROBERT CONREY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BEACH BOYS OF FT. LAUDERDALE, LLC, and KRIKOR KEVORKIAN, individually, and award Plaintiff: (a) all unpaid overtime wages to be paid by Defendants, jointly and severally; (b) liquidated damages under the FLSA to be paid by Defendants, jointly and severally; and (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deem just and equitable under the circumstances

### COUNT III - FLSA RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)
### (Plaintiff, CONREY, Against All Defendants)

66. Plaintiff re-alleges and re-avers Paragraphs 1 through 52 above, as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

68. Plaintiff had a history of excellent work performance during all time periods relevant to his employment with Defendants.

69. On or about May 1, 2022, Defendants were notified through their management that Plaintiff had raised complaints on April 30, 2022, concerning the unlawful wage and hour and tipping practices at 411 South Bar & Grill that are addressed in this lawsuit.

70. Plaintiff asserted his right to receive federally mandated wages under the FLSA and Defendants were made aware of these complaints.

71. When Defendants were notified of Plaintiff's complaints, Defendant, Kevorkian, as owner of 411 South Bar & Grill, immediately called Plaintiff on the phone at 12:29 p.m. on May 1, 2022, and terminated Plaintiff's employment as punishment for raising these complaints.

72. A direct causal relationship exists between Plaintiff asserting his rights under the FLSA and the abrupt termination just minutes after Defendants were made aware of these complaints.

73. Any other justification for termination cited by Defendants is mere pretext in an attempt to cover-up the true intentions behind their actions.

74. As a direct result of Defendants' conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation, emotional damages, and has been otherwise damages in amount to be proven at trial.

WHEREFORE, Plaintiff, ROBERT CONREY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BEACH BOYS OF FT. LAUDERDALE, LLC, and KRIKOR KEVORKIAN, individually, and award Plaintiff: (a) all compensatory, economic, and/or emotional damages arising from Defendants' unlawful retaliation under the FLSA and to be paid by Defendants, jointly and severally; (b) liquidated damages under the FLSA to be paid by Defendants, jointly and severally; and (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBERT CONREY, requests and demands a trial by jury on all appropriate claims.

**Dated this 11th day of May 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS- JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*David@usaemploymentlawyers.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 11, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: