UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 22-cv-60843-HUNT
[CONSENT CASE]

ROBERT CONREY, on behalf of
himself and all others similarly
situated,

      Plaintiffs,

      v.

BEACH BOYS OF FT. LAUDERDALE,
LLC, and KRIKOR KEVORKIAN,
individually,

      Defendants.

_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW AND COURT APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF
DISMISSAL WITH PREJUDICE**

      Representative Plaintiff, ROBERT CONREY ("Representative Plaintiff" or "Conrey"), and the Opt-In Plaintiffs, and Defendants, BEACH BOYS OF FT. LAUDERDALE, LLC, and KRIKOR KEVORKIAN (collectively "Defendants") (Plaintiff and Defendants collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for *In Camera* Review and Court Approval of Confidential Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

    **I.**      **FACTUAL BACKGROUND**

      Defendants operate a restaurant and bar on Fort Lauderdale Beach. *See* D.E. 1. Conrey is a former Server and Bartender who was employed by Defendants from April 2021 through May 2022. *See* D.E. 1. On May 2, 2022, Conrey filed a Collective Action Complaint for Damages and Demand for Jury Trial against Defendants. *See* D.E. 1. The Collective Action Complaint alleges that Defendants violated the tip and federal overtime provisions of the Fair Labor Standards Act ("FLSA") because Defendants unlawfully retained a portion of tips from Servers and Bartenders and otherwise failed to compensate Servers and Bartenders applicable federal overtime wages when they worked in excess of 40 hours in a workweek. *Id.* Conrey alleges that several Servers

and Bartenders within the past 3 years were harmed by these practices and policies. As a result of these alleged policies and practices, Conrey alleges the existence of 2 separate collectives: (1) Tip Collective; and (2) Overtime Collective. When he raised complaints to management concerning these unlawful practices and policies, Conrey alleges that he was swiftly terminated without explanation. *Id.*

Defendants filed their Answer and Affirmative Defenses on June 15, 2022, and vehemently deny that any violations were committed at the restaurant or that they committed any type of retaliation against Conrey. *See* D.E. 30. Prior to the Court's Order Granting Conditional Certification, 8 putative members of the collectives joined this lawsuit. *See* D.E. 8-1; D.E. 9-1; D.E. 10-1; D.E. 12-1; D.E. 21-1; D.E. 26-1; D.E. 27-1; D.E. 28-1. In order to avoid the expense and uncertainty of protracted litigation, the Defendants agreed to conditional certification of the Tip Collective and Overtime Collective. *See* D.E. 39. On July 8, 2022, the Court entered its Order granting conditional certification and authorizing Plaintiff's counsel to send court-approved notice to members of each putative collective from the past 3 years. *See* D.E. 47. Notification was sent to a total of 37 current or former Servers and Bartenders who were employed by Defendants from May 2, 2019, through the present. The deadline to join this lawsuit expired on August 22, 2022, and an additional 3 individuals joined prior to expiration of the opt-in deadline. The Tip Collective is comprised of a total of 11 individuals. The Overtime Collective is comprised of a total of 7 individuals.

Since expiration of the opt-in period, the Parties have engaged in an extensive amount of document production and review. Defendants produced hundreds of pages of time records and payroll records which are relevant to the core issues in this case. These records resulted in both sides creating damage models which required the other side to evaluate the true strengths and weaknesses of their respective factual and legal positions. These damage models were exchanged, evaluated, critiqued, and refined as more information was shared and exchanged by the Parties. Ultimately, these negotiations revealed that all sides had significant risks and variability in potential outcomes. Throughout the process the Parties have engaged in good-faith arm's length settlement negotiations.

Given the bona fide factual and legal disputes that exist, the Parties have negotiated a confidential settlement agreement ("the Agreement") through counsel and have reached an accord on all material terms. The Agreement affords collective-wide relief and was negotiated over a

period of several weeks with Counsel for the Collectives keeping the Settlement Collective timely informed of the negotiations. The negotiations were focused both on the representations of the Settlement Collective and the data in the relevant documentation. Under the Agreement, Plaintiffs will receive a substantial portion of the contested unpaid tips, wages, and liquidated damages currently claimed to be owed. Each member of the Collectives has approved the portion of the Settlement they will receive. A copy of the fully executed settlement agreement is being contemporaneously provided to chambers. The settlement reached in this case provides Plaintiffs with fair and reasonable compensation for their FLSA claims. Moreover, the settlement reached in this case **does not** include overly broad or pervasive releases applicable to the Collectives. Indeed, the Plaintiffs are only waiving FLSA wage-related claims. Conrey, meanwhile, has entered into an additional settlement agreement with Defendants in which he is only waiving employment-related claims in exchange for the additional consideration offered to resolve his FLSA retaliation claim. Counsel for the Collective is being compensated reasonable attorney's fees separate and apart from amounts paid the Collective. A full accounting of the reasonable hourly rates and extent of hours billed has been provided to the Court for review. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

## II. SUMMARY OF THE SETTLEMENT TERMS

The Parties have negotiated that the terms of the settlement shall be kept confidential and provided to chambers for in-camera review. The Parties have therefore submitted the fully executed Confidential Settlement Agreement and Release and Conrey's Confidential Release of Employment-Related claims to chambers. Plaintiff's counsel has also submitted the full lodestars for all time-keepers in this case to chambers for review. Plaintiffs are current and former Servers and Bartenders who worked for Defendants from May 2, 2019, through the present. In exchange for a full and final release of only wage-related claims (conditioned on Court approval of the Agreement), Defendants have agreed to pay a total settlement amount as indicated in the Confidential Settlement Agreement and Release to the Settlement Collective and to Counsel for the Collectives. *See* **Confidential Settlement Agreement Submitted to Chambers**.

The amount each member of the Collective will receive is indicated in a spreadsheet on Exhibit A attached to the Confidential Settlement Agreement. Conrey will receive amounts as a member of each collective, and an additional amount in consideration for executing a waiver and

3

*limited* release of employment-related claims, including his individual FLSA retaliation claim. *See* Conrey's **Confidential Release of Employment-Related Claims Submitted to Chambers**. Each and every member of the Collective has agreed to accept their respective settlement amounts in exchange for releasing only wage-related claims against Defendants. *See* **Composite of Notices of Acceptance from the Collectives Submitted to Chambers**.

The Parties separately negotiated fair and reasonable attorney's fees based on the amount of time expended and the complexity of the litigation. The fees and costs do not impact and were negotiated without regard to the amounts paid to Plaintiffs. The Parties agree that the attorney's fees and costs are a fair and reasonable amount and were necessary for the prosecution of this action. Plaintiff's lead counsel, Jordan Richards, Esq. billed a reasonable hourly rate of $395.00 per hour. *See* **Declaration of Jordan Richards, Esq. Submitted to Chambers**. Associate attorneys working on this case billed a reasonable hourly rate of $275.00 per hour. *Id.* Law Clerks working on this case billed a reasonable hourly rate of $150.00 per hour. *Id.* Defendants do not oppose Counsel for the Collective's recovery of fees or expenses and do not object to the reasonableness of Plaintiff's fees and costs or that they were necessary for prosecution of this action.

### III.   MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also* Wicklow v. Belcarra, Inc. et al., S.D. Fla. Case No. 0:21-cv-60370-WPD, D.E. 18 (S.D. Fla. April 27, 2021); *see also* Mercado v. Snyder,

2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J.); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

When scrutinizing the fairness of a settlement for a collective under the FLSA, final certification or decertification is not necessary in order to approve the settlement. *See, e.g.,* Huff v. Bobcat North America, LLC, 2021 WL 268356 at *2 (M.D. Fla. 2021) *citing* Ortiz v. Metters Indus., Inc., M.D. Fla. Case No. 6:17-cv-1879-PGB-DCI; *see, also,* Campbell v. Pincher's Beach Bar Grill, Inc., 2017 WL 2700629 at *1-2 (M.D. Fla. 2017) (final certification of FLSA collective not necessary when approving settlement). Your Honor has previously held that confidentiality provisions in FLSA settlements are enforceable and permitted when parties *jointly* seek approval of those terms. *See, e.g.,* Sosa v. Jaba Pro Stone Corp., 2021 WL 8939501 at *2 (S.D. Fla. July 15, 2021) (Hunt, M.J.) (finding confidentiality provision in FLSA settlement is enforceable) *citing* Forman v. Toilet Taxi Corp., 2008 WL 11333081 at *1 (S.D. Fla. 2008) (O'Sullivan, M.J.).

Here, the Parties respectfully submit that the resolution of the tip and federal overtime wage claims is fair and reasonable and that in-camera review of the terms of the settlement is permissible. Final certification of the collectives is not necessary at this stage. Without admitting any liability as to the alleged wage violations, Defendants agree to pay members of the Collectives an amount disclosed in the Confidential Settlement Agreement and Release. *See* **Confidential Settlement Agreement and Release**. If Plaintiffs had proceeded to trial, a jury could have determined that Plaintiffs were not entitled to any tips, wages or liquidated damages. In order to avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See* Davidson v. Golden Bay Towers, Inc., 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (approving FLSA settlement agreement when the Parties were represented by counsel and there were contested issues of liability).

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Moreover, the

undersigned counsel voluntarily exchanged documents and believe Plaintiffs are being paid a substantial portion of the tips, wages and liquidated damages allegedly owed. In addition, the attorney's fees and costs that are payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353. Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter in light of the various contested issues.

### IV.   <u>CONCLUSION</u>

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter a dismissal of all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for forty-five (45) days.

**Dated this 1ˢᵗ day of December 2022.**

Respectfully submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS –** **JORDAN RICHARDS PLLC** | **FISHER & PHILLIPS, LLP** |
| 1800 SE 10ᵗʰ Ave. Suite 205 | 450 E. Olas Blvd. |
| Fort Lauderdale, Florida 33316 | Suite 800 |
| (954) 871-0050 | Fort Lauderdale, Florida 33301 |
| *Counsel for Plaintiffs* | (954) 525-4800 |
| | *Counsel for Defendants* |
| By: */s/ Jordan Richards* | By: */s/Charles S. Caulkins* |
| JORDAN RICHARDS, ESQ. | CHARLES S. CAULKINS, ESQ. |
| Florida Bar No. 1108372 | Florida Bar No. 0461946 |
| JAKE BLUMSTEIN, ESQ. | *ccaulkins@fisherphillips.com* |
| Florida Bar No. 1017746 | |
| *jordan@jordanrichardspllsc.com* | |
| *jake@jordanrichardspllc.com* | |

### <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document was served by CM/ECF on all parties listed below on this 1ˢᵗ day of December 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

<u>**SERVICE LIST:**</u>

**CHARLES S. CAULKINS, ESQ.**
Florida Bar No. 0461946
**MICHAEL E. BONNER, ESQ.**
Florida Bar No. 111907
FISHER & PHILLIPS LLP
450 E. Las Olas Blvd. Suite 800
Fort Lauderdale, Florida 33301
Tel: (954) 525-4800
*Counsel for Defendants*