**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-60843-CIV-HUNT**

ROBERT CONREY, on behalf of
himself and all others similarly
situated,

        Plaintiffs,

v.

BEACH BOYS OF FT. LAUDERDALE,
LLC, et. al.,

        Defendants.

_____/

## ORDER

This matter came before the Court on the Parties' Joint Motion for *In Camera* Review and Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice. ECF No. 64. Pursuant to the Parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* ECF Nos. 40, 41. This Court, having reviewed the file, considered the Motion, reviewed the Settlement Agreement, considered statements of counsel at a fairness hearing conducted on December 19, 2022, and being otherwise fully advised, hereby GRANTS the Motion for the following reasons.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions. *See* 29 U.S.C. § 201, *et seq*. ECF No. 1. Before this Court can dismiss this case and approve a settlement of the FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and

reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, this Court reviewed the Settlement Agreements. In scrutinizing the Settlement Agreements, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The undersigned also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreements specify the portion of the settlement amount to be paid to Plaintiffs as wages and liquidated damages and the amount designated for attorney's fees and costs. Accordingly, this Court finds that the Settlement Agreements are a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, this Court reviewed "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Having done so, this Court finds that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.

Accordingly, it is hereby ORDERED and ADJUDGED:

1) the Parties' Joint Motion for *In Camera* Review and Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, ECF No. 64, is GRANTED, the Settlement Agreements are approved, and the case is DISMISSED WITH PREJUDICE;
2) the Court will obtain jurisdiction to enforce the terms of the settlement agreement for 45 days;
3) The clerk is directed to CLOSE the case and DENY any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 20th, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
  All Counsel of Record